IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTONIA N. OKONKWO ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. |
| THE CALLINS LAW FIRM, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | JURY TRIAL DEMANDED |
| _____ ) | |

## COMPLAINT

Plaintiff Antonia N. Okonkwo, on behalf of herself and others similarly situated, sues Defendant The Callins Law Firm, LLC. demanding trial by jury -- and alleges as follows:

## OVERVIEW

1) This is an action for overtime compensation brought pursuant to and arising under the Fair Labor Standards Act of 1938 (the "Act"), as amended, 29 U.S.C. §201, *et seq*.

2) This is an action for intentional and wilful refusal to pay vacation hours, bonuses, and overtime brought pursuant to and arising under the Fair Labor Standards Act 1938 (the "Act"), as amended, 29 U.S.C. §201, *et seq*.

3) This is an action for falsifying employee labor record.

4) Plaintiff Okonkwo, on behalf of herself and others similarly situated, seeks payment for overtime, bonus, vacation hours, liquidated damages, and attorney's fees and costs.

5) Plaintiff Okonkwo, on behalf of herself and others similarly situated, seeks an injunction deterring the Defendant Callins of unlawful and unfair business practices.

## JURISDICTION AND VENUE

6) This Court has jurisdiction pursuant to 28 U.S.C. §1331, and of the Fair Labor Standards Act 29 U.S.C. §216(b).

7) Venue is proper pursuant to 28 U.S.C. §1391. The cause of action arose in Fulton County, Georgia, in the Northern District of Georgia.

## PARTIES

8) Plaintiff Antonia N. Okonkwo ("Plaintiff Okonkwo" or Ms. Okonkwo") is a Citizen of the State of Georgia and resides at 1260 Rockbass Road, Suwanee, Georgia 30024. Ms. Okonkwo was an employee of The Callins Law Firm, LLC. from December 2008 to June 2014.

9) Defendant, The Callins Law Firm, LLC. ("Defendant" or "Callins") is a Georgia Limited Liability Company, and process may be served upon its registered agent, Joel Callins, at 4919 Van Cise Lane, Albany, Georgia 31721.  Callins Law Firm is a firm engaged in the practice of law.

10) Plaintiff Okonkwo, as an Associate Attorney employee of Callins Law Firm whose wages was determined per actual hours work, is entitled to the protections of the Act under 29 U.S.C. §203(e).

11) Throughout Plaintiff Okonkwo's employment, The Callins Law Firm, was at all times an employer engaged in the practice of law and therefore subject to the Act under 29 U.S.C. §203(b)&(d).

12) The Defendant has violated the provisions of §§ 7 and 15(a) (2) of the FLSA [29 U.S.C. §§ 207 and 215(a) (2)]. Defendant violated the Act by employing employees engaged for work weeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half (1½) times the regular rates at which they were employed.

13) Defendants' violations of the FLSA were willful and without justification or excuse under 29 U.S.C. § 201 et seq.  Based on Defendants' willful violations, Plaintiffs seek unpaid compensation as well as liquidated damages and their attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

14) Furthermore, since as early as March 2009, Defendant committed breaches of contract as to the material terms and wages of employment of the Plaintiff.

## FACTUAL ALLEGATIONS

### Count 1: Plaintiff Okonkwo Is Entitled to Overtime Pay

### Defendant Callins Violated the Overtime Provisions of the FLSA Willfully and in Bad Faith

15) Ms. Okonkwo was employed full-time with Callins Law Firm from December 2008 until she involuntarily terminated her employment on June 2014. She worked an Associate Attorney practicing real estate default law with particular emphasis on creditor's rights.

16) Ms. Okonkwo was hired as a "non-exempt" employee with a 40-hour workweek. That was supposed to include three weeks paid vacation as stipulated in her contract of employment.

17) During the five years preceding the date of this complaint (the "relevant period"), Plaintiff Okonkwo worked multiple hours beyond her scheduled hours of employment without compensation at one and one-half (1½) times the regular rate.

18) During the relevant period, Plaintiff Okonkwo worked numerous weeks in excess of forty (40) hours in a work week ("overtime hours"), yet was not compensated for the work in excess of forty (40) hours at a rate not less than one and one-half (1½) times the regular rate she was paid.

19) The conduct of Defendant in not complying with the Act was willful in failing to pay Plaintiff Okonkwo the overtime compensation required by the Act. Defendant intentionally and wilfully failed to classify Ms. Okonkwo, or others similarly situated, as an exempt employee pursuant to 29 U.S.C. §213(a) (1).

20) In fact, on one occasion, Plaintiff Okonkwo approached Defendant, and advised Defendant of the misclassification of Plaintiff but Defendant willfully and intentionally refused to classify Plaintiff as an exempt employee requiring Plaintiff to be classified as an hourly employee of $22.75 per hour.

21) Ms. Okonkwo claims overtime in excess of 200 hours. Ms. Okonkwo calculates she is owed in regards to uncompensated overtime pay at least 40.00 hours for 2009, 40.00 hours for 2010, 40.00 hours for 2011, 40.00 hours for 2012, 40.00 hours for 2013, and 20 hours for 2014. Ms. Okonkwo is owed in excess of 200 hours of uncompensated overtime pay.

22) In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite overtime compensation, the Defendant acted

and continues to act intentionally, oppressively, and maliciously toward the Plaintiff, and Persons similarly situated, with a conscious and utter disregard of their legal rights or the consequences to such persons, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of Plaintiff and persons similarly situated and Has been non-compliance with applicable federal laws regarding wage and employment.

23) Plaintiff Okonkwo is also entitled to recover liquidated damages in this action in an equivalent amount to her unpaid overtime compensation pursuant to 29 U.S.C. §216(b).

## **COUNT II: INTENTIONAL AND WILFUL REFUSAL TO PAY BONUSES AND VACATION HOURS**

24) Defendant breached their agreement to pay Ms. Okonkwo vacation hours during the relevant period as stipulated in the contract of employment.

25) Defendant breached their agreement to pay Ms. Okonkwo bonuses during the relevant period as stipulated in the contract of employment.

26) Defendant breached their contract to pay for Ms. Okonkwo's Tennessee Privilege and professional tax license and Tennessee Bar dues for 2014. Defendant wilfully and intentionally required plaintiff to continue to perform

legal work requiring licensure without any intention of renewing the relevant professional license.

27) Defendant breached their contract for failing to pay for the Continuing Legal Education (CLE) course necessary for Plaintiff to keep her Professional licenses active.

28) When Plaintiff attempted to ask Mr. Callins about the terms of her employment, including bonuses, vacation hours and payment for Bar dues and continuing legal education, Mr. Callins responded that he has more pressing things that he needed to do which were more important than paying Bar dues and CLE fees.

29) By and through the unfair and unlawful business practices described herein, Defendant Callins have obtained valuable property, money, and services from the Plaintiff Okonkwo, and persons similarly situated and has deprived Plaintiff Okonkwo of valuable rights and benefits guaranteed by law and contract, all to her detriment and to the benefit of Defendant Callins.

30) Plaintiff Okonkwo is entitled to recover her unpaid bonuses for services actually performed and vacation hours earned that remains unpaid.

## COUNT III: FLASIFYING OF EMPLOYEE LABOR RECORD BY DEFENDANT CALLINS

31) Plaintiff Okonkwo is entitled to recover Liquidated damages for Defendant Callins Falsification of Plaintiff's Labor Department record.

32) On May 19, 2014, Plaintiff Okonkwo informed Mr. Callins via email that the relevant Bar dues and CLE fees were due and needed to be paid by Defendant Callins. Plaintiff Okonkwo expressly informed the defendant that the CLE fees were due on May 23, 2014 and the Tennessee Bar dues were due on June 1, 2014, and Mr. Callins did not respond.

33) On May 29, 2014, Plaintiff Okonkwo sent a reminder via email to Defendant Callins of payment of relevant Bar dues and CLE fees. Plaintiff Okonkwo expressly informed the defendant that the CLE fees were past due and the Tennessee Bar dues were due on June 1, 2014. Defendant did not respond.

34) On June 12, 2014, Plaintiff Okonkwo reminded Mr. Callins via email of payment of relevant Bar dues and CLE fees. Plaintiff Okonkwo expressly informed Mr. Callins that the CLE fees were past due and the Tennessee Bar dues were past due. Mr. Callins responded via email stating, he will pay the Georgia Bar dues when he pays his dues and will include the Tennessee Bar expenses in the paycheck of plaintiff on June 15, 2014.

35) On June 23, 2014, Plaintiff Okonkwo, informed Mr. Callins via email of the non-payment of the Georgia Bar dues, and the Tennessee Bar dues, Tennessee professional privilege tax, and CLE fees in the paycheck of June 15.  Mr. Callins did not respond.

36) On June 25, 2014, Plaintiff Okonkwo reminded Mr. Callins via email to include the Tennessee Bar expenses on the June 30, 2014 check. Mr. Callins did not respond.

37) On June 26, 2014, Plaintiff reminded Mr. Callins via email of Defendant's nonpayment of Bar dues, CLE fees, vacation hours and bonuses, and informed Defendant Callins that the Tennessee Bar membership expires on June 30, 2014, and the Tennessee Privilege and professional tax was not in compliance due to nonpayment. Plaintiff further stated that if by Monday June 30, 2014, these expenses are not paid; the Plaintiff Okonkwo will take it as a negative affirmation that Defendant Callins does not require the services of the plaintiff since Plaintiff Okonkwo was the only Tennessee Attorney for the firm until she left the firm. The Plaintiff also informed Defendant Callins that plaintiff would not be a party to unauthorized practice of law. Upon reading the email, Mr. Joel Callins came into Plaintiff's work place and informed Plaintiff  Okonkwo, that he had "*a thousand and one things that are more important than the Bar dues*".  Plaintiff

Okonkwo explained to Mr. Callins that if the Defendant needs plaintiff to perform work with the Tennessee Bar license, then the dues needs to be paid. Mr. Callins stated to Plaintiff Okonkwo, that he was not here to argue with Plaintiff Okonkwo and Plaintiff Okonkwo at that point did not have any other choice but to resign from her employment since Defendant willfully intended to make Plaintiff Okonkwo to perform work with a law license that was not in compliance. Specifically, Plaintiff Okonkwo informed Mr. Callins that she was ending her employment with Defendant Callins, and will be dropping off the office key and work computer since she would need the Bar dues paid in order to practice law at the firm. Plaintiff Okonkwo immediately dropped off the office key and work computer with Mr. Joel Callins, and exited the building since Plaintiff found it unconscionable to work under such circumstances as the defendant had created a hostile and unprofessional work environment.

38) On July 2, 2014, Plaintiff Okonkwo received a certified mail from Defendant Callins with a letter stating Defendant Callins is terminating Plaintiff employment for job abandonment. Specifically, Defendant stated that Plaintiff failed to report to work on June 27, 2014 and June 28, 2014 (Saturday). The letter also contained what purported to be a final paycheck without showing the number of hours worked, standard deductions for Federal and State tax, bonuses, and

vacation hours for the pay period. The letter also contained a separation notice for Georgia Department of Labor with false and malicious statement as to what occurred on June 26, 2014 in regards to separation of Plaintiff Okonkwo from the employment of the firm.

39) Plaintiff Okonkwo is entitled to, and does seek an injunctive relief enjoining Defendant Callins from engaging in any of these unfair and unlawful business practices in the future.

40) Plaintiff Okonkwo, and the others similarly situated, have no plan, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of Defendant Callins. As a result of the unfair and unlawful business practices described above, Plaintiff Okonkwo, and persons similarly situated, have suffered and will continue to suffer irreparable harm unless Defendant Callins is restrained from continuing to engage in these unfair and unlawful business practices. In addition, Defendant should be required to disgorge the unpaid moneys to Plaintiff and persons similarly situated.

41) Defendant Callins actions are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices and a hostile work environment.

42) Plaintiff Okonkwo and persons similarly situated are entitled to and do seek for restitution and restitutionary disgorgement, and injunctive relief ordering the continuing of unfair business acts and practices to cease, or as the Court otherwise deems just and proper.

WHEREFORE, Plaintiff demands a TRIAL BY JURY and for the following relief:

a) An award to Plaintiff Okonkwo and others similarly situated, of the overtime pay owed.

b) An award to Plaintiff Okonkwo and others similarly situated, of liquidated damages against The Callins Law Firm, LLC. for willful violations of the overtime Act's provisions,

c) An award to Plaintiff Okonkwo and others similarly situated, of liquidated damages against The Callins Law Firm, LLC. for willful violations and refusal to pay bonuses, overtime, and vacation time.

d) For an award of interest, including prejudgment interest at the legal rate;

e) For restitution and restitutionary disgorgement;

f) For injunctive relief ordering the continuing unfair business acts and practices to cease,

g) Plaintiff Okonkwo's reasonable attorney's fees and costs; and

h) Such other and further relief as this court finds just and proper.

This 16th day of July 2014.

                                            Respectfully submitted,

                                            <u>s/Antonia N. Okonkwo</u>
                                            Antonia N. Okonkwo, Esq.
                                            Georgia Bar No. 513967
                                            anokonkwo@okonkwolaw.com

                                            Okonkwo, LLC.
                                            (The Resilient Law Solution)
                                            11555 Medlock Bridge Road
                                            Suite 100
                                            Johns Creek, Georgia 30097
                                            Telephone: 404-980-2277
                                            Fax: 678-274-0057
                                            *Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ANTONIA N.OKONKWO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. |
| THE CALLINS LAW FIRM, LLC. ) | |
| ) | |
| Defendant. ) | |
| ) | JURY TRIAL DEMANDED |
| _____ ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2014, I electronically filed the foregoing **COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

>The Callins Law Firm, LLC.
>C/o Joel Callins
>Managing Partner
>101 Marietta Street, Suite 1030
>Atlanta, Georgia 30303
>Telephone: 404-681-5826
>Facsimile: 1-866-299-4388
>Email: jcallins@callins.com

14

Respectfully submitted,

s/Antonia N. Okonkwo, Esq.
Antonia N. Okonkwo
Georgia Bar No. 513967
anokonkwo@okonkwolaw.com


OKONKWO, LLC.
(The Resilient Law Solution)
11555 Medlock Bridge Road
Suite 100
Johns Creek, Georgia 30097
Telephone: 404-980-2277
Fax: 678-274-0057
*Counsel for Plaintiff*