IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTONIA N. OKONKWO, | \| |
| | \| |
| Plaintiff, | \| |
| | \| Civil Action No.: 1:14-cv-2263 |
| v. | \| |
| | \| |
| THE CALLINS LAW FIRM, LLC, | \| |
| | \| |
| Defendant. | \| |
| | \| |

**DEFENDANT THE CALLINS LAW FIRM, LLC'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT UNDER F.R.C.P. 12(B)(6)**

**Introduction**

This suit has been filed following Plaintiff's decision to voluntarily terminate her employment as an associate attorney with Defendant on June 26, 2014, after a discussion related to the payment of bar dues and CLE expenses. The duration of Plaintiff's employment with Defendant was approximately five (5) years and six (6) months from December 2008 to June 2014. Defendant paid Plaintiff's bar dues and CLE expenses for all prior years during her employment with Defendant, despite not being contractually obligated to do so. The alleged Fair Labor Standards Act ("FLSA") violation(s) and other actionable claims raised in this action by Plaintiff, have heretofore never been raised by Plaintiff.

Although there are many types of employees that are entitled to overtime compensation, both federal and state law expressly exempt employers from the requirement of paying overtime to certain "professional employees, including attorneys engaged in the practice of law. Plaintiff Okonkwo is an attorney licensed to practice law

in the states of New York, Tennessee, and Georgia, and was hired by Defendant to practice law as a creditor rights attorney.  Her duties while employed by Defendant included advising firm clients on foreclosure, eviction, loss mitigation, bankruptcy and real estate matters.  Plaintiff's complaint confirms this by reciting that Plaintiff Okonkwo "worked as an [a]ssociate [a]ttorney practicing real estate default law with particular emphasis on creditor's rights".  Compl. ¶15.  Plaintiff's required work schedule mirrored the firm's operating hours, which were and are still are Monday through Friday, 9am to 5pm, with an agreed upon work from home benefit on Wednesdays and Fridays.  Plaintiff's complaint vaguely described her overtime work as "multiple hours beyond scheduled hours", "numerous weeks in excess of forty (40) hours", and "overtime *[in excess of 200]* hours" (emphasis added).

This motion primarily raises the question of whether the FLSA exemption relieving employers from paying overtime compensation to employees employed in a "a bona fide….professional capacity…", (29 U.S.C. § 213(a)(1)), applies to the present case compelling a dismissal of Plaintiff's claim(s).  Although Plaintiff Okonkwo's complaint raises additional claim(s), redress for the additional claims are not provided for under the FLSA and Plaintiff's additional claims fail to plead the required elements of any particular recognized cause of action within the original jurisdiction of this Court.


I.      **FACTUAL BACKGROUND**

Defendant, The Callins Firm, LLC, is a law firm focused on creditor rights and real estate law.  Plaintiff Okonkwo is a licensed attorney and a member of the State Bar of Georgia, State Bar of Tennessee, and the State Bar of New York.  Request for Judicial

Notice ("RJN), Exhibits 1-3.  She was hired as a full-time attorney in December 2008 and ended her employment with Defendant in June 2014.  Her employment contract guaranteed her a salary of $45,000.00 payable in bi-monthly installments of $1,731.00 or more on the 15th and last day of each month.  RJN, Exhibit 4.  Plaintiff was paid $50,420.85 in 2011[1], $51,821.91[2] in 2012, and $45,376.83 in 2013.  RJN, Exhibits 5-7. Plaintiff self-reported her hours worked via an online time clock service subscribed to by the firm, and used by all firm employees including attorneys, known as "Clockspot". From August 17, 2011 to August 17, 2014, Plaintiff Okonkwo self-reported working 4,926.62 hours, of which 107.50 or 2.2% represented overtime hours.  RJN, Exhibit 8. Plaintiff Okonkwo was compensated by Defendant during this same period in the manner agreed upon under the employment contract.  RJN, Exhibit 9.  Plaintiff has alleged that she "involuntarily terminated her employment on June 2014." Compl. ¶15.  However, according to the Georgia Department of Labor, Plaintiff Okonkwo "…quit [her job] because of difficulty with a manager…without a good work-connected reason…" and to be clear, Plaintiff was never fired or terminated by Defendant.  RJN, Exhibit 10.

Plaintiff purports to bring a collective action under the FLSA "on behalf of herself and others similarly situated for overtime, bonus (sic), vacation hours, liquidated damages, and attorneys fees and costs…", "… an injunction deterring…unlawful and unfair business practices", and alleges that the FLSA violations were intentional and willful.  Compl. ¶4.  In addition, Plaintiff has alleged a breach of contract claim and a falsifying of employee labor record claim. Compl.¶24-30, 31-42.

---

[1] This amount includes $3,000.00 in Christmas Bonus paid reported as IRS 1099 pay not reflected on the W-2 for 2011.

[2] This amount includes $3,000.00 in Christmas Bonus paid reported as IRS 1099 pay not reflected on the W-2 for 2012.

## II.   LEGAL ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint, or portions of a complaint, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, the Court must take the allegations of the complaint as true, and must construe those allegations in the light most favorable to the plaintiff.  Rivell v. Private Health Care Sys., 520 F.3d 1308, 1309 (11th Cir. 2008).  Although a court is required to accept *well-pleaded* facts as true when evaluating a motion to dismiss, it is not required to accept the Plaintiff's legal conclusions.  Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1260 (11th Cir. 2009)(citing Ashcroft v. Iqbal, 556 U.S.---, ---, 129 S. Ct. 1937, 1949 (2009))(emphasis added).  When evaluating the sufficiency of a plaintiff's complaint, the court makes reasonable inferences in favor of the plaintiff, but is not required to draw the plaintiff's inference. Id. (quoting Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F. 3d 1242, 1248 (1th Cir. 2005)).  Similarly, the Court does not accept as true "unwarranted deductions of fact" or legal conclusions contained in a complaint. Id. (quoting Aldana, 416 F.3d at 1248).  The Court may dismiss a complaint "if the facts as pled do not state a claim for relief that is plausible on its face." Sinaltrail, 578 F. 3d at 1260.  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court observed that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  500 U.S. at 555.  It also requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation and more than "naked assertion[s]" devoid of 'further factual enhancement.'" Id.  Although factual allegations

in a complaint need not be detailed, those allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. The mere possibility that the defendant might have acted unlawfully is not sufficient to allow a claim to survive a motion to dismiss. Id. Instead, the well-pleaded allegations of the complaint must move the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Lastly, the Court's consideration of a motion to dismiss is typically limited to the complaint. Nevertheless, "[t]he Eleventh Circuit has held that, when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Davis v. Williams Commc'ns, Inc., 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003)(citing Bryant v. Avado Brands, Inc., 187 F. 3d 1271, 1279-1280 (11th Cir. 1999)). Therefore, when addressing a motion to dismiss, the Court "may also consider any attachments to the complaint, matters of public record, orders, and items appearing in the record." Clark v. Bibb County Bd. Of Education., 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) see 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (3d ed. 2004) (stating that "judicial notice may be taken of prior pleadings and proceedings…transcripts of prior court proceedings, and various documents of public record"). Defendant has simultaneously filed a request for judicial

notice with attached exhibits based on Federal Rules of Evidence 201 in support of this motion.

A. **Plaintiff Fails to Allege the Necessary Factual Foundation to Sustain a Plausible FLSA Claim and Failed to State a Claim as required by F.R.C.P. 12(b)(6)**

Plaintiff's Complaint fails to demonstrate a basis for her coverage as an employee under the FLSA, and by association her right to claim overtime compensation as a covered employee. The United States Congress has provided the federal courts with jurisdiction over "all civil actions arising under the Constitution, laws, and treaties of the United States." 28 U.S.C. § 1331. Generally, the existence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiffs properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936)). If the plaintiffs well-pleaded complaint does not show that federal law creates the plaintiffs right of action, federal question jurisdiction may exist if "the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). The minimum wage and overtime requirements of the FLSA apply only to employees "covered" by the Act. Josendis v. Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011). There are two types of coverage, either of which is sufficient to form the basis for the FLSA to apply: "individual coverage" and "enterprise coverage." Josendis, 662 F.3d at 1298. An employee has "individual coverage" if "[s]he regularly and 'directly participat[es] in the actual

movement of persons or things in interstate commerce." Id. An employee has "enterprise coverage" if [s]he is employed in an "enterprise" that is engaged in "commerce," as defined under the FLSA. Id. An employer is an enterprise engaged in commerce, for purposes of "enterprise coverage," if it (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000. Id. Coverage is an element of an FLSA claim that the plaintiff is required to prove by a preponderance of the evidence. Polycarpe v. E &S Landscaping Serv., Inc., 616 F. 33d 1217, 1229 (11th Cir. 2010).

Plaintiff Okonkwo has failed to provide a basis for federal question subject matter jurisdiction by failing to plead a coverage basis, either individual or enterprise, for the FLSA claims alleged in the complaint. Plaintiff's complaint contains no description of the work or duties performed by Plaintiff as an associate attorney and contains no description of her participation in movement of persons or things in interstate commerce. Similarly, Plaintiff's complaint also contains no specific reference to the duties or activities of Defendant's employees, including whether Defendant's employees engaged in commerce, the production of goods for commerce, handled, sold or otherwise worked on good or material for commerce. Plaintiff's complaint fails to provide any reference to the annual gross volume of sales or business done by Defendant. Additionally, Plaintiff has not attached to the complaint supplementary documentation defining or specifying the type of FLSA employee coverage providing the basis for the allegation(s) against Defendant. Plaintiff has alleged and redundantly restated at great length the many

expense payment related grievances Defendant committed against her, including descriptions of verbal exchanges, which presumably she interpreted as offensive, and as evidence of intentional and willful FLSA violation(s). Nonetheless, it is not axiomatic that the Plaintiff's allegation(s) are commensurate with the claim definition as defined by Rule 8 of the Rules of Civil Procedure or that the allegation(s) individually or in the aggregate plead the elements of a sustainable FLSA claim. In Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, the Supreme Court in a discussion of the substantive requirements of a Plaintiff's claim(s) held that "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with '"a largely groundless claim'" be allowed to '"take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value.'" Id., at 347, 125 S. Ct. 1627, [127 S. Ct. 942] (quoting Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741, 95 S. Ct. 1917). So when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, '"this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting Daves v. Hawaiian Dredging Co., 114 F. Supp. 643, 645 (Haw. 1953)); see also Dura, supra, at 346, 125 S. Ct. 1627; Asahi Glass Co. v. Pentech Pharmaceuticals, Inc., 289 F. Supp. 2d 986, 995 (ND Ill. 2003) (Posner, J., sitting by designation).

It is wholly indisputable that the Complaint is virtually barren of any factual substance alleging the details of Plaintiff's employment, but rather contains conclusory statements and legal conclusions nebulously asserting her entitlement to redress under the FLSA. The FLSA establishes minimum labor standards to eradicate "labor conditions

8

detrimental to the maintenance of the minimum standard of living for health, efficiency and general well being of workers." 29 U.S.C. § 202(a). The statute was designed to "aid the unprotected unorganized, and lowest paid of the nation's working population; that is those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." Brooklyn Sav. Bank v. O'neil, 324 U.S. 697, 707 n.18 (1945). Plaintiff's status as an highly educated attorney, licensed in three states, practicing law as a salaried employee with Defendant excludes her from being considered as unprotected, unorganized and a member of the nations lowest paid working population lacking the bargaining power to secure a minimum subsistence wage.

**B.     The FLSA exempts employers from paying overtime compensation to employees in a bona fide "Professional" Capacity.**

Plaintiff Okonkwo claims she is owed overtime compensation pursuant to the FLSA, despite Defendant's right as employer to exempt compensating her for overtime due to the "bona fide professional" exemption". The FLSA explicitly provides exemptions from overtime requirements for employees employed in a "bona fide …professional capacity…" 29 U.S.C. § 213(a)(1). Pursuant to rules established by the United States Department of Labor, exempt attorneys engaged in the practice of law are defined as "professional" employees as follows:

> The term "employee employed in a bona fide professional capacity" in section 13(a)(1) of the act also shall mean (1) Any employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and is actually engaged in the practice thereof[.]

29 U.S.C. § 541.304(a)(1). Defendants employing Attorneys engaged in the practice of law need not pay them on a salary basis to qualify for the exemption. 29 U.S.C. §

9

541.304(d). In addition, to qualify for the exemption Employers must guarantee employees at least $455/week in compensation. 29 C.F.R. 541.604.

Plaintiff Okonkwo is the holder of three (3) valid licenses to practice law in Tennessee, Georgia, and New York, fulfilling the first requirement of the definition of an employee employed in a bona fide professional capacity. Plaintiff Okonkwo further admits in the complaint that "[s]he worked as an [a]ssociate [a]ttorney *practicing real estate default law* with particular emphasis on creditor's rights. Compl ¶15. This satisfies the second requirement for the bona fide professional exemption. In addition, during the course of her employment with Defendant, Plaintiff was paid a total of Two Hundred Sixty One Thousand Fifty-Five and 97/100 Dollars ($261,055.97), which over the 285 weeks of employment with Defendant amounts to compensation of approximately $916 per week. Plaintiff's state licensure as an attorney and admission that her work with Defendant was the practice of law, is consistent with the definition of a bona fide professional Employee under 29 U.S.C. § 541.304(a)(1).

### C. Plaintiff's complaint has failed to plead the elements required to show intentional and willful FLSA violations by Defendant.

The FLSA has a two (2) year statute of limitations unless the Defendant's action(s) are found to be willful, in which case the statute of limitations is extended to three (3) years. 29 U.S.C. § 255(a). In McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988), the Supreme Court confirmed the standard for defining a willful as "…the employer either knew or showed reckless disregard for the mater of whether it's conduct was prohibited by the statute." Although Plaintiff complaint recites language regarding "intent" and "bad faith", the Plaintiff has offered no statutory or common law support for

this recitation of the applicable legal standard, nor provided any facts alleging actions by Defendant related to the non-payment of overtime compensation. If found liable for non-willful FLSA violation(s), Defendant's liability would be limited to two (2) years, and if found liable for willful FLSA violations, Defendant's liability would be limited to three (3) years from the date this action was filed. Nonetheless, Plaintiff's complaint recites that she is owed overtime pay in excess of 200 hours, and *also* recites that she is owed overtime pay equal to: 40 hours for 2009, 40 hours for 2010, 40 hours for 2011, 40 hours for 2012, 40 hours for 2013, and 20 hours for 2014. Under the FLSA, the three (3) year statute of limitations for willful violations would exclude any action(s) by Defendant prior to August 17, 2011, necessarily excluding at least 80 or more of the overtime hours alleged by Plaintiff. Further, the two (2) year statute of limitations for non-willful violations would exclude any action(s) by Defendant prior to August 17, 2012, necessarily or more excluding at least 120 or more of the uncompensated overtime hours alleged by Plaintiff. Plaintiff's approximation of the overtime hours she was allegedly not compensated for is inconsistent with the hours self-reported to Defendant and is patently unclear based on the plain language of the Complaint. In alleging willful FLSA violations by Defendant, Plaintiff seeks overtime compensation: (1) in excess of 200 hours, which is an indeterminate number, (2) for hours allegedly worked during periods outside the FLSA statute of limitations for both willful and non-willful violations, (3) and presumably for the actual overtime hours worked, if any. Insofar as Plaintiff is a licensed Attorney and an officer of the court, this unformulated and confusing attempted approximation of overtime hours worked must be further judged under the standards for pleadings required under F.R.C.P. 11(b). Plaintiff's complaint contains no description of

her work duties, her rate of pay of salary, number of overtime hours worked per week, and no approximation of the actual amount of overtime compensation owed in currency. Rather, Plaintiff has conveniently elected to allege the exact identical number of overtime hours worked per year for the last five years without providing any factual or documentary support.

  **D.**  **The Court should decline to Exercise Supplemental Jurisdiction over Plaintiff's Breach of Contract Claim and remaining state law claim(s).**

  Alternatively, in the event this Court decides to dismiss Plaintiff's FLSA claim(s), this Court should decline to exercise supplemental jurisdiction over Plaintiff's breach of contract and other state law claims.  Under 28 U.S.C. § 1367(c)(3), a District Court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the District Court has dismissed all claims over which it has original jurisdiction.  "A federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendant state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Bradford v. City of Roswell (N.D. Ga., 2014) (Quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)(footnote omitted).

  Plaintiff has chosen this forum to seek redress primarily on the basis of the alleged FLSA violation(s) by Defendant, and from a plain reading of the Complaint, the

substance of Plaintiff's grievance relates to the timing or untimeliness of Defendant's payment of her bar dues and CLE expenses, and the presumably offended reaction to the correspondences she had with Defendant related to the same matters. Plaintiff's elected to file this action without a pre-suit demand letter or any correspondence, negating any possibility of settlement or avoiding this litigation altogether. Plaintiff has not sufficiently plead the primary FLSA claims to justify the exercise of jurisdiction by this court in adjudicating the remaining claims, particularly when multiple state court forums are available to Plaintiff to seek appropriate redress.

### Conclusion

For the foregoing reasons, Defendant The Callins Law Firm, LLC, respectfully requests that this Court dismiss the Complaint with prejudice.

Dated this 4th day of September, 2014.


THE CALLINS LAW FIRM, LLC


BY:___*Joel Aldrich Jothan Callins /S/*___
Joel Aldrich Jothan Callins, Esq.
Georgia Bar No. 105255
*Attorney for Defendant*
101 Marietta Street, Suite 1030
Atlanta, Georgia  303030
Tel:  404.681.5826
Fax:  1.866.299.4338
jcallins@callins.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTONIA N. OKONKWO, | \| |
| | \| |
| Plaintiff, | \| |
| | \| Civil Action No.: 1:14-cv-2263 |
| v. | \| |
| | \| |
| THE CALLINS LAW FIRM, LLC, | \| |
| | \| |
| Defendant. | \| |
| | \| |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing, upon all interested parties by first-class mail to their addresses, of record, as follows:

Antonia N. Okonkwo, Esq.
OKONKWO, LLC
(The Resilient Law Solution)
11555 Medlock Bridge Road
Suite 100
Johns Creek, Georgia   30097

Dated this 4th day of September, 2014.

THE CALLINS LAW FIRM, LLC

BY:___*Joel Aldrich Jothan Callins /S/*___
Joel Aldrich Jothan Callins, Esq.
Georgia Bar No. 105255
*Attorney for Defendant*
101 Marietta Street, Suite 1030
Atlanta, Georgia  303030
Tel:  404.681.5826
Fax:  1.866.299.4338
jcallins@callins.com