IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTONIA N. OKONKWO,

      Plaintiff,

v.

THE CALLINS LAW FIRM, LLC,

      Defendant.

Civil Action No.: 1:14-cv-2263

## DEFENDANT'S INITIAL DISCLOSURES

COMES NOW THE CALLINS LAW FIRM, LLC ("Defendant") and files this, its initial disclosures as follows:

**(1)** **If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Response: The Defendant is improperly identified and named as "The Callins Law Firm, LLC". The correct name and identification for the Defendant is "The Callins Firm, LLC". Defendant declines to accept service of an amended summons and complaint reflecting the information furnished in this response.

(2)   Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant' contention.

Response:   There are no additional parties that defendant contends are necessary parties to this action that have not been named by Plaintiff. Defendant does not contend that there is a question of misjoinder of parties.

(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by Defendant in the responsive pleading.

Response: As Defendant understands the Plaintiff's allegations, it is that the Defendant: (1) willfully violated the Fair Labor Standards Act (FLSA) by refusing to pay vacation hours, bonuses, and overtime compensation, (2) falsified her employee labor record, and (3) breached the employment contract with Plaintiff by failing to pay continuing education and bar dues expenses. Defendant denies these allegations.

First, with regard to the FLSA, the Defendant was exempt from paying overtime compensation to Plaintiff, because while employed with Defendant, she actively practiced law as a licensed attorney, fulfilling the definition of a "bona fide professional employee" under the FLSA. The plaintiff has failed to plead

either individual or enterprise FLSA coverage, failed to describe her duties and responsibilities while employed by Defendna, and failed to plead with specificity her compensation arrangement with Defendant or the amount of overtime compensation she believes she is owed. The FLSA does not provide a remedy to covered employees for an employer that refuses to pay vacation and bonus compensation. Lastly, the Plaintiff's was a salaried employee with guaranteed compensation exceeding $455 per week.

With regard to the allegation of falsifying the Plaintiff's employee labor record, the Plaintiff's basis for this allegation is unknown. To the extent that the Plaintiff is referring to correspondence between Defendant and the Georgia Department of Labor, Defendant denies providing false information to the Georgia Department of Labor regarding Plaintiff's employment record. The correspondence sent to the Georgia Department of Labor is attached hereto as Exhibit "A".

Lastly, regarding the breach of contract allegations, the Defendant was not contractually obligated to pay the continuing education or bar dues expenses of Plaintiff. Plaintiff has failed to plead the proper elements of a breach of contract claim and the complaint fails to refer or recite any provision of the employment contract with Defendant. Nevertheless, Defendant will stipulate that: (1) Defendant informed Plaintiff that Defendant would pay these expenses, (2) Defendant paid

these expenses for all prior years while Plaintiff was employed by Defendant, and

(3) Defendant's opportunity to pay these expenses was extinguished by Plaintiff's

decision to terminate her employment.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

F.R.C.P. 11(b); 28 U.S.C. § 1367(c)(3); 29 C.F.R. 541.604; 29 U.S.C. § 202; 29 U.S.C. § 213; 29 U.S.C. § 541.304(a)(1); 28 U.S.C. § 1331; Fed. R. Civ. P. 12(b)(6); Rivell v. Private Health Care Sys., 520 F. 3rd 1308 (2008); Sinaltrainal v. Coca-Cola., 578 F.3rd 1252 (2009); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); Aldana v. Del Monte Fresh Produce, N.A. ,416 F.3rd 1242 (2005); Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007); Davis v. Williams Commc'ns, Inc., 258 F. Supp. 2d 1348 (2003); Bryant v. Avado Brands, Inc., 187 F. 3d 1271 (1999); Clark v. Bibb County Bd. Of Education, 174 F. Supp. 2d 1369 (2001); Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987); Gully v. First Nat'l Bank, 299 U.S. 109 (1936); Franchise Tax Bd. V. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983); Josendis v. Wall Residence Repairs, Inc., 662 F.3d 1292 (2011); Polycarpe v. E & S Landscaping Serv., Inc., 616 F. 3d 1217 (2010); Dura Pharms., Inc. v. Broudo, 544 U.S. 336 (2005); Brooklyn Savings Bank v. O'neil, 324 U.S. 697 (1945); McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988); Bradford v. City of Roswell, (N.D. Ga., 2014); Kreager v. Solomon & Flanagan, P.A., 775 F. 2d 1541, 1543 (11th Cir.1985); Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240; Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980); Amey, Inc. v. Gulf Abstract Title, Inc., 758 F.2d 1486 (11th Cir. 1985); Rothenberg v. Security Management Co., Inc., 736 F.2d 1470 (11th Cir. 1984).

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings, identifying the subjects of information. (attach witness list to Initial Disclosures as Attachment B.)**

(6)   Provide the name of any person who may be used at trial to present evidence under the Rules 702, 703, or 805 of the Federal Rules of Evidence.   For all experts described in F.R.Civ.P. 26(a)(2)(B), provide a separate written satisfying the provision of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment C.)

(7)   Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.   (Attach document list and descriptions to Mandatory Disclosures as Attachment D).

(8)   In the space provided below, provide a computation of any category of damages claimed by you.   In addition, include a copy of or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computations are based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copy as under

**F.R.Civ.P. 34. (Attach any copies and descriptions to Responses to Mandatory Disclosures as Exhibit E.)**

Response: The Defendant has no claim for damages in this case, other than attorneys fees that may be assessed "...as a fine for the wil[l]ful disobedience of a court order, or when a losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." Kreager v. Solomon & Flanagan, P.A., 775 F. 2d 1541, 1543 (11th Cir.1985).

(9) **If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such pers or entity and describe in detail the basis of such liability.**

Response: The Defendant does not contend that any person or entity is liable in this action.

(10) **Attach for inspection and copying as under F.R.Civ.P.34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment F.)**

The Defendant does not contend this item is applicable in this case.

This 10th day of September, 2014.

THE CALLINS LAW FIRM, LLC

BY: _____

Joel Aldrich Jothan Callins, Esq.
Georgia Bar No. 105255
*Attorney for Defendant*
101 Marietta Street, Suite 1030
Atlanta, Georgia 303030
Tel: 404.681.5826
Fax: 1.866.299.4338
jcallins@callins.com

## **Local Rule 7.1D Certification**

By signature below, counsel certifies that the foregoing document was prepared in Times New roman, 14-Point font in compliance with Local Rule 5.1B.

THE CALLINS LAW FIRM, LLC

BY: _____

Joel Aldrich Jothan Callins, Esq.
Georgia Bar No. 105255
*Attorney for Defendant*
101 Marietta Street, Suite 1030
Atlanta, Georgia 303030
Tel: 404.681.5826
Fax: 1.866.299.4338
jcallins@callins.com

**EXHIBIT A**



T 404.681.5806
F 866.299.4738
101 Marietta Street
Suite 1030
Atlanta, Georgia 30303
www.callins.com

June 30, 2014

U.S.P.S. Certified Mail Article No.: 7006 0100 0007 2962 4626

Via Certified USPS Mail
Antonia N. Okonkwo, Esq.
1260 Rockbass Road
Suwanee, Georgia  30024

   Re: Separation Letter

Dear Antonia:

On June 27, 2014, you did not report to work as scheduled or contact the office to notify us of your absence.  Since that time, you have not returned to work nor have you called to explain the reasons for your absence.

Therefore, your employment with the The Callins Law Firm is terminated effective June 27, 2014, for job abandonment.  Insofar as your decision to leave was abrupt, the opportunity to determine which active matters were under your direct responsibility is presently unavailable. Please email or call myself or Uniti Jones to schedule a convenient time to discuss this, or in the alternative, please advise that you do not wish to assist in this manner.

Enclosed is your final paycheck and a copy of the Georgia Deparment of Labor for DOL-800.

On behalf of the firm, I would like to thank you for your service to the staff, firm, and firm clients and wish you the best in your future endeavors.

Sincerely yours,

FOR THE FIRM

Joel Aldrich Jothan Callins, Esq.
Managing Partner



State of Georgia
Department of Labor

SEPARATION NOTICE

1. Employee's Name **Antonia Ngozi Okonkwo**   2. S. S. No. **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**

a. State any other name(s) under which employee worked.

3. Period of Last Employment: From **12/15/2008**   To **6/26/2014**

4. REASON FOR SEPARATION:

a. LACK OF WORK ☐

b. If for other than lack of work, state fully and clearly the circumstances of the separation: **On 6/26/2014, Mrs. Okonkwo returned her office key and work laptop computer, and exited the office without further comment.  Mrs. Okonkwo did not report for work on 6/27 or 6/28, and has not provided the firm with a verbal or written resignation letter.  The circumstances suggest she has voluntarily terminated her employment.**

5. Employee received payment for: (Severance Pay, Separation Pay, Wages-in-Lieu of Notice, bonus, profit sharing, etc.)
(DO NOT include vacation pay or earned wages)

Check #5222 _____ in the amount of $ **1973.44** for period from **6/1/2014** to **6/26/2014**
(type of payment)

Date above payment(s) was/will be issued to employee **6/26/2014**

If EMPLOYEE RETIRED, furnish amount of retirement pay and what percentage of contributions were paid by the employer.
_____ per month _____ % of contributions paid by employer

6. Did this employee earn at least $3,000.00 in your employ? YES ☒   NO ☐   If NO, how much? $ _____

Average Weekly Wage **962.00**

Employer's Name **The Callins Law Firm LLC**

Ga. D. O. L. Account Number (Number shown on Employer's Quarterly Tax and Wage Report, Form DOL-4.) **9600 7305**

Address **101 Marietta Street, Suite 1030**
(Street or RFD)

City **Atlanta**   State **GA**   **30303**
ZIP Code

I CERTIFY that the above worker has been separated from work and the information furnished hereon is true and correct. This report has been handed to or mailed to the worker.

Employer's Telephone No. **(404) 681-5826**
(Area Code)   (Number)

Signature of Official, Employee of the Employer or authorized agent for the employer

NOTICE TO EMPLOYER

At the time of separation, you are required by the Employment Security Law, OCGA Section 34-8-190(c), to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a request for the same information on a DOL-1199FF, you may attach a copy of this form (DOL-800) as a part of your response.

**Managing Partner**
Title of Person Signing

**6/30/2014**
Date Completed and Released to Employee

NOTICE TO EMPLOYEE

OCGA SECTION 34-8-190(c) OF THE EMPLOYMENT SECURITY LAW REQUIRES THAT YOU TAKE THIS NOTICE TO THE GEORGIA DEPARTMENT OF LABOR FIELD SERVICE OFFICE IF YOU FILE A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS.

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION.

DHS Rev 03/01/2011   DOL-800 (R-5/99)

INSTRUCTIONS TO EMPLOYER FOR COMPLETION
OF THIS SEPARATION NOTICE

In accordance with the Employment Security Law, OCGA Section 34-8-190(c) and Rules pursuant thereto, a Separation Notice must be completed for each worker who leaves your employment, regardless of the reason for the separation. This notice shall be used where the employer-employee relationship is terminated and shall not be used when partial (DOL-408) or mass separation (DOL-402) notices are filed.

Item 1. Enter employee's name as it appears on your records. If it is different from the name appearing on the employee's Social Security Card, report both names.

Item 2. Enter the employee's Social Security Number. Verify for correctness.
Item 3. Enter the dates of employee's most recent work period.

Item 4. a. If the reason for separation is for "LACK OF WORK," check box indicated.
b. If the reason for separation is OTHER THAN "lack of work," give complete details about the separation in space provided. If needed, add a separate sheet of paper.

Item 5. If any type payment, (i.e. Separation Pay, Wages-in-lieu of Notice, etc.) was made, indicate the type of payment and the period for which payment was made beyond the last day. Give the date on which the payment was/will be issued to the employee. DO NOT include vacation pay or earned wages.

Item 6. Check the appropriate block YES or NO to indicate whether this employee earned at least $3,000.00 in your employ. If you check NO, enter amount earned in your employ. Give average weekly wage (without overtime) at the time of separation.

Employer's Name.     Give full name of employer under which the business is operated.

Address.     Give full mailing address of the employer where communications are to be sent in regard to any potential claim.

Company's Georgia DOL Account Number.     Your state DOL Unemployment Insurance Account Number as it appears on your Quarterly Tax and Wage Report, Form DOL-4.

Signature.     This notice must be signed by an officer or employee of the employer or authorized agent for the employer, and this person's title or position held with the employer must be shown.

Date.     This notice must be dated as of the date it is handed to the worker. If the employee is no longer available at the time employment ceases, mail this form (DOL-800) to the employee's last known address and enter date the form is mailed.

_____     _____

OCGA Section 34-8-256(b) PENALTY FOR OFFENSES BY EMPLOYERS. "Any employing unit or any officer or agent of an employing unit or any other person who knowingly makes a false statement or representation or who knowingly fails to disclose a material fact in order to prevent or reduce the payment of benefits to any individual entitled thereto or to avoid becoming or remaining subject to this chapter or to avoid or reduce any contribution or other payment required from an employing unit under this chapter or who willfully fails or refuses to make any such contributions or other payment or to furnish any reports required under this chapter or to produce or permit the inspection or copying of records as required under this chapter shall upon conviction be guilty of a misdemeanor and shall be punished by imprisonment not to exceed one year or fined not more than $1,000.00 or shall be subject to both such fine and imprisonment. Each such act shall constitute a separate offense."

OCGA Section 34-8-122(a) PRIVILEGED STATUS OF LETTERS, REPORTS, ETC., RELATING TO ADMINISTRATION OF CHAPTER. "All letters, reports, communications, or any other matters, either oral or written, from the employer or employee to each other or to the department or any of its agents, representatives, or employees, which letters, reports, or other communications shall have been written, sent, delivered, or made in connection with the requirements of the administration of this chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any action for slander or libel in any court of the State of Georgia."

THE CALLINS FIRM LLC
OPERATING ACCOUNT
101 MARIETTA ST NW STE 3230
ATLANTA, GA 30303-2760

5222

64-33/610

PAY TO THE ORDER OF ___ Antonia   Nicole   Okoroeze _____  $ 1,473.41

De Thousand Four Hundre Seventy-three _____ 11/100 _____ DOLLARS

DATE 4/30/2014

**SunTrust**
Atlanta, GA.

ACH RT 061000104

FOR ___ Final Payment ___

⑆000052222⑆ ⑆061000104⑆ 1000057753110⑆





Close Window   Print Screen

# View Transaction Printable View

**Transaction Information**

|  |  |
|---|---|
| **Account:** | Primary Business Checking - ***************3310 |
| **Transaction:** | Debit with image 5222 |
| **Customer Reference Number:** | 5222 |
| **Date/Time Cleared:** | 07/03/2014 00:00 |
| **Amount:** | $(1,973.41) |
| **Date/Time Initiated:** | 07/03/2014 00:00 |
| **FI Reference Number:** | 20140703000000000197341000000052221 |
| **Description:** | CHECK |

Front and Back of Check

**Views:**   Front   Back   **Front and Back**



Enlarge   Save

Enlarge   Save

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Antonio Ngoni Decovereng, Esq.
1260 Rockbass Road
Swannee, Georgia 30024

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7006 0100 0007 2962 4626

PS Form 3811, February 2004          Domestic Return Receipt

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4 in this box *

The Calliss Law Firm, LLC
1111 Marietta Street
Suite 1070
Atlanta, Georgia 30303
404-681-5826

GEORGIA DEPARTMENT OF LABOR
P.O. BOX 740052 ATLANTA, GA 30374
404-232-3100 (Phone) / 404-656-2482 or 2304 (Fax)

MAILED      07/21/14
2500                                              ANTONIA N OKONKWO

REPLY BEFORE   07/31/14                           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

THE CALLINS LAW FIRM LLC                          GA DOL ACCT NO.  960073-05

101 MARIETTA STREET                               FAX OR MAIL YOUR REPLY - NOT BOTH
SUITE 1030                                        (see instructions below)
ATLANTA, GA 30303

## NOTICE OF CLAIM FILING AND REQUEST FOR SEPARATION INFORMATION

Your former employee has filed a claim for unemployment insurance.

Information is needed to determine the claimant's eligibility for benefits under the Georgia Employment Security Law. Please complete, in detail, the attached questionnaire, date and sign in the spaces provided and submit **BEFORE  07/31/14.**  Answering each question carefully and thoroughly may help you avoid a call for clarification of your answer. You **MAY** be contacted by phone, but **ONLY** if additional information is needed to make a determination of eligibility for benefits.

### FAX INSTRUCTIONS

If you fax your response, please:

- do not send a fax transmittal sheet.
- do not fax this information letter if you use the attached questionnaire.
- DO NOT mail your response.

### GENERAL INFORMATION

If a timely response is received, and there is a disqualification placed on this claim, there will be no charges to your unemployment insurance tax account.

If the enclosed questionnaire is not applicable to the reason for separation, or if you need to furnish additional facts, attach separate sheets of paper. It will be necessary to include the employee's name and social security number on each sheet.

OCGA Section 34-8-256 of the Employment Security Law provides penalties for making false statements or failing to disclose material facts concerning unemployment insurance claims.

Employers that fail to respond to written requests for information from the Georgia Department of Labor (GDOL) with adequate information and/or by the specified deadline, on at least three separate occasions within the current calendar year, without substantial good cause, will be charged for benefits paid on subsequent claims regardless of whether the GDOL's benefits determination is later reversed on appeal or if an overpayment of benefits is established.

Are you interested in protecting your bottom line? Improve your UI separation information exchange process by participating in SIDES E-Response, a free web-based system to electronically receive and respond to requests for separation information. Go to www.dol.state.ga.us/spotlight, select Employer Separation E-Response under Employer Spotlights to register today.





DOL-1199FF (1)   (R-10/13)
UOFFH

THE CALLING SYSTEM INC.   CENTRAL EXAMINING UNIT
960073-05                 404-656-2482 or 2304 (Fax)

ANTONIA N OKONKWO         REPLY BEFORE    **07/31/14**
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

## EMPLOYER'S RESPONSE TO CLAIMANT QUITTING FOR JOB RELATED REASONS

1. What reason did the employee give you for quitting?_____ See Attached _____
   _____

2. Under what terms did the employee agree to work? (Pay, hours, etc.) _____
          See Attached

   a. Who made the agreement with the employee? Name and Title
   _____

   b. When was the agreement made? _____

3. Explain, in detail, any changes in the agreement, when the changes occurred and why there were changes.
          See Attached
   _____

4. Was any documentation required from the employee?  Y__  N__      See Attached
   a. If yes, explain what was required _____

   b. Was it provided?  Y__  N__

5. What actions could employee have taken to avoid quitting? _____ See Attached _____
   _____

   Explain if any of these actions were pursued and the result. _____

6. If employee quit because his/her job duties were unsuitable, could the job duties have been changed in any way?
          See Attached
   _____
   _____
   _____



DOL-1199FF (Q1)   (R-02/00)   (1 of 2)

ANTONIA N. ~~CASARANS~~
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

## PLEASE PROVIDE THE FOLLOWING INFORMATION:

If employee was/will be/is being paid any type of payment (severance, separation, wages in lieu of notice, bonus, profit sharing, etc.) furnish the type, amount, period covered and date issued. DO NOT INCLUDE VACATION PAY.



Type ___Final Pay___          Amount ___1,973.41___

Period - from ___6/1/14___     to ___6/26/14___

Date above payment(s) was/will be issued to employee _____

Dates of employment:  Hired ___12/15/2008___     Last worked ___6/26/2014___
Average weekly wage amount (before taxes and not including overtime) ___962.00___
Did this employee earn at least $3,300 in your employ?    Yₓ  N __
If not, give amount of gross earnings _____

Federal ID Number ___20-8669680___

Our records indicate your Georgia unemployment tax account number is  960073-05.
If this is not your account number, please furnish the correct number _____ .

Additional information may be furnished. If you attach separate sheets of paper, please include the employee's name and Social Security number on each sheet.

___7/31/2014___          _____          Murphy ~~Ruder~~
Date                     Signature                      Title

                                                ___404.69.5826___
                                                Telephone Number





T 404.681.5806
F 866.299.4338
101 Marietta Street
Suite 1030
Atlanta, Georgia 30303
www.callins.com

July 31, 2014

**Via Facsimile Transmission (404-656-2482)**
Georgia Department of Labor
P O Box 740052
Atlanta, Georgia  30374

Re:    Notice of Claim Filings and Request for Separation Information

Claimant:      Antonia Okonkwo
Employer:      The Callins Law Firm LLC
SS#:           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
GA DOL No.: 960073-05

Dear Sir or Madame:

I am writing in response to your request for a response to claimant quitting for job related reasons.

## I.    What reasons did the employee give you for quitting?

The claimant did not provide a written or verbal reason for quitting, nor did she provide the firm with a resignation letter.  On June 26, 2014, all client matters, and assigned cases were abandoned without any correspondence to the firm.  The firm waited for two (2) business days without a response from the claimant, and sent a separation letter to the claimant on June 30, 2014.  Prior to the claimant quitting, the claimant requested on numerous times, via email, that the firm pay for bar membership dues and continuing education expenses that were due on June 30, 2014, and was informed that the items requested would be paid by the firm.  Her email on this topic on 10:23am June 26, 2014 just prior to quitting read as follows:

"Joel, This email is pursuant to my correspondence to you below regarding non-payment by the firm as agreed of my Georgia and Tennessee bar dues for 2014, CLE fees, and the bonus for Mr. Patel's incorporation. Please note that as I previously stated to you, I attended the CLE on June 5th & 6th 2014. This CLE are being filed in Georgia and Tennessee. Additionally, as I specified in my correspondence to you yesterday, my Tennessee bar membership will expire on June 30, 2014. The non-payment of my Georgia and Tennessee bar dues and my CLE fees is extremely concerning since I am expected to utilize my law license to handle in an uninterrupted manner the Tennessee legal work of the firm considering I am the only Tennessee Attorney for the firm. If these payments are not made by June 30, 2014, I will



consider this a negative affirmation that this firm no longer requires my services as an Attorney since I will not be a party to inappropriate practice of law. Additionally, I find it unconscionable the firm has not paid me as agreed on several instances including paying vacation hours, bonuses, overtime and train passes.

This email referenced several items other than bar membership and continuing legal education expenses, including: (1) a bonus for Mr. Patel's incorporation, (2) paying vacation hours, (3) bonuses, (4) overtime and (5) train passes. I did agree to reimburse the claimant for train passes. However, on the date the claimant quit, I was not aware of a pending request for reimbursement for train passes. I also discussed considering payment of a bonus to the claimant for client work done on the Patel incorporation. However, my consideration of payment of a potential bonus was still pending on the date the Claimant quit. Regarding the vacation hours, bonuses, overtime pay, I did not receive and no request for payment of vacation hours, overtime pay, or bonuses was pending on the date the claimant quit.

## 2.  Under what terms did the employee agree to work?

This claimant worked on a salary of $50,000.00, a per file bonus of $35.00 per TN transaction, and an annual bonus. Other benefits including health insurance, supplemental health insurance, 401k were declined. The Claimant's work schedule also provided the flexibility for her to exclusively work from home on Wednesday and Friday of each week, to supplement the cost of daycare expenses for her family. At the time of hiring, the Claimant was responsible for only Tennessee legal matters as she was not licensed to practice law in Georgia. After passing the Georgia Bar in 2011, her responsibilities also included some Georgia legal matters.

## 3.  Explain, in detail, any changes in the agreement, when the changes occurred and why there were changes.

There were work schedule changes to allow the Claimant flexibility to study and complete a LLM degree, and flexibility to study for the Georgia Bar. There were changes to the work schedule changes reflected by the claimants noncompliance that were not agreed upon by the firm, including arriving at work from 9am to 5pm on Monday, Tuesdays and Thursdays, as well as clocking out for lunch daily.

## 4.  Was any documentation required from the employee?

Tax withholding documentation, an employment agreement, an employment application, a workplace bullying policy acknowledgement, a workplace violence policy acknowledgment,



a workplace code of conduct acknowledgement and a workplace telephone policy acknowledgment were required from the Claimant. The claimant was not explicitly required to provide the firm with a resignation letter.

5. **What actions could employee have taken to avoid quitting? Explain if any of these actions were pursued and the result.**

The claimant could have continued working, performing her assigned responsibilities without interruption. Regarding payment of bar membership dues and continuing legal education expenses, the claimant could have waited until June 30, 2014 for the firm to complete payment/reimbursement for these items. The claimant was not fired by the firm, and was considered a valuable member of the firm staff. Each year the claimant was employed with the firm, the firm paid for the claimant's bar membership dues, and continuing legal education expenses—and reassured the claimant on multiple occasions that these expenses would also be paid for the current year.

6. **If the employee quit because his/her job duties were unsuitable, could the job duties have been changed in any way?**

The claimant had not previously indicated that her job duties were unsuitable. As such, I do not know whether job duty changes would have changed the outcome or dissuaded the claimant from quitting.

FOR THE FIRM

Joel Aldrich Jothan Callins, Esq.
Managing Partner

## ATTACHMENT/EXHIBIT B

## DEFENDANT'S WITNESS LIST

1.   Antonia N. Okonkwo, Esq.

Anticipated subjects of information:  Mrs. Okonkwo is the Plaintiff in this action and is       expected to have knowledge of facts giving rise to this action.

## ATTACHMENT/EXHIBIT C

## DEFENDANTS LIST OF EXPERT WITNESSES

Defendant has not retained an expert witness at this time, but will supplement this response as required by the Court, in future scheduling order(s) as developments warrant.

## ATTACHMENT/EXHIBIT D

## DEFENDANTS DOCUMENT LIST

Defendant reserves the right to supplement this list as may be appropriate in light of Plaintiffs' witnesses and assertions in responsive pleadings.

1.  All documents attached as Exhibits to the Request for Judicial Notice filed with in this action on 9/5/14.
2.  All documents attached to this pleading and future pleadings.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTONIA N. OKONKWO,

       Plaintiff,

v.

THE CALLINS LAW FIRM, LLC,

       Defendant.

Civil Action No.: 1:14-cv-2263

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing, upon all interested parties by first-class mail to their addresses, of record, as follows:

Antonia N. Okonkwo, Esq.
OKONKWO, LLC
(The Resilient Law Solution
11555 Medlock Bridge Road
Suite 100
Johns Creek, Georgia   30097

This 10th Day of September 2014.

Joel Aldrich Jothan Callins, Esq.
Georgia Bar No. 105255
*Attorney for Defendant*
101 Marietta Street, Suite 1030
Atlanta, Georgia  303030
Tel:  404.681.5826
Fax:  1.866.299.4338
jcallins@callins.com

11