**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **ANTONIA N. OKONKWO** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO: 1-14-cv-2263** |
| **v.** | ) | |
| | ) | |
| **THE CALLINS LAW FIRM, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Now come the Plaintiff, by its attorney, and for its response to Defendants' motion for summary judgment state as follows:

The Callins Law Firm has filed a Motion for Summary Judgment ("Motion") based

on Federal Rule of Civil Procedure 56 (Doc. 20.). Plaintiff opposes the Motion.

Submitted with Plaintiff's brief in opposition to Defendants motion for Summary

Judgment is Plaintiff's cross motion for Summary Judgment.

**Preliminary Statement:**

By the order of this Court dated September 26th, 2014 converting Defendant's

Motion to Dismiss to a Motion for Summary Judgment, the Court stated that

**"Whether Plaintiff's claim are barred as Defendant argues or whether Plaintiff is entitled to additional compensation as plaintiff contends, depend on Plaintiff's pay structure and the actual compensation owed and paid."**

There exists genuine issues for trial because Defendant deliberately classified Plaintiff as a non-exempt employee instead of an exempt employee, and in turn is claiming "professional exemption" as a basis of why Plaintiff should not be paid overtime pay even though he never classified Plaintiff as exempt.

Defendant in its Motion to Dismiss (Doc 7) which was converted into a Motion for Summary Judgment and its renewed Motion for Summary Judgment has argued extensively the fact that Plaintiff is an Attorney and need not be paid on a salary basis. However, the Defendant has chosen to ignore providing proof to this Court of Plaintiff's pay structure as the Court directed.

Defendant has also deliberately chosen not to provide proof to this Court why Plaintiff's pay structure was that of a non-exempt employee instead of an exempt employee since Plaintiff was employed as an Attorney. Instead, Defendant stated Plaintiff need not be paid on a salary basis to be exempt.

There exist genuine issues for trial since Plaintiff punched in and out and was paid on the number of hours worked and not on a salary basis. Plaintiff did not take a guaranteed minimum amount every pay period and was not paid at least $455 a week for every week worked while employed by the Defendant.

Plaintiff is relying on the following in response to Defendant's Motion for Summary Judgment:

1. Defendant's Motion to Dismiss (Doc 7)

2. Plaintiff's Answer to Defendant's Motion to Dismiss (Doc 10)

3. Defendant's response to Plaintiff request for admission, interrogatories, and production of documents

4. Plaintiff's response to Defendants' request for admission, interrogatories and production of documents

5. Plaintiff's  payroll records

6. Defendant's renewed Motion for Summary Judgment (Doc 20)

**LEGAL STANDARD**

There exist genuine issues for trial in regards to overtime violation under the FLSA. Plaintiff Okonkwo is an Attorney who was not paid on a salary basis and was not paid at least $455 a week for every week worked during Plaintiff's employment with the Defendant but otherwise performed the job duties of a "professional employee" must be paid overtime compensation.

Summary Judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

An issue is "material" if the dispute may affect the outcome of the suit under the governing law and is "genuine" if a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The evidence presented must be viewed in the light most favorable to the nonmoving party. See American Flint Glass Workers Union, AFL-CIO v. Beaumont Glass Co., 62 F.3d 574, 578 (3d Cir. 1995).

The issue of whether Plaintiff is entitled to overtime compensation is material since Plaintiff was paid on an hourly basis rather than on a salary basis. It is

genuine because the Defendant is not disputing the fact that he did not pay Plaintiff overtime compensation at a time and half. Additionally, the Defendant is not disputing the fact that Plaintiff was compensated on the number of hours worked instead of on a salary basis.

By Defendant's own filing with this Court in its Motion to Dismiss document (7) which was converted to a Motion for Summary Judgment, the Defendant stated "Plaintiff self-reported her hours worked via an online time clock service subscribed to by the firm and used by all firms' employees including attorneys, known as clockspot. From August 17, 2011 to August 2014, Plaintiff Okonkwo Self-reported working 4,926.62 hours, of which 107.50 or 2.2 % represented overtime hours".

A reasonable jury would return a verdict in favor of the Plaintiff because Defendant chose to compensate Plaintiff on an hourly basis instead of a salary basis and chose not to compensate Plaintiff for overtime pay at a time and half. Defendant deliberately chose to classify Plaintiff as a non-exempt employee instead of an exempt employee and in turn is claiming "professional exemption" even though classifying an employee as an exempt employee is the basis of professional exemption.

**Response to defendant's statement of Undisputed Facts:**

The Plaintiff offers the following facts in opposition to Defendant's Statement of undisputed facts.

1. Defendant chose to ignore to discuss Plaintiff's pay structure as directed by the Court in the court order of September 26, 2014 in its undisputed statements of material fact in support of his Motion for Summary Judgment.

2. Defendant is trying to manipulate this Court and the Plaintiff. Defendant is inconsistent with his filings with this court and with his response to Discovery request. Defendant stated in his Motion to Dismiss and in his renewed Motion for Summary Judgment that Plaintiff need not be paid on a salary basis since Plaintiff is an Attorney. Defendant stated in his response to Plaintiff's Interrogatory request No. 1 that "Defendant Callins denies that Plaintiff was not classified as an exempt employee". Defendant stated in his response to Plaintiff's Interrogatory request No. 2 that "Defendant denies the conclusion that Plaintiff was not compensated as an exempt employee". Defendant stated in his response to Plaintiff's interrogatory No 3. that "…..Defendant asserts that Plaintiff was a salaried employee while employed by Defendant".

3. Defendant has failed to discuss whether it is undisputed that Plaintiff as an Attorney should be compensated on an hourly basis instead of a salary basis and be exempt from overtime pay. The Defendant stated in its motion that

even though Plaintiff worked as an Attorney, she need not be paid on a salary basis. In essence, Defendant is stating that he can compensate an Attorney at a rate lower than what he compensates support staff who report to the Attorney (like in the present case) and not pay the Attorney overtime pay at a time and half when the Attorney works over 40 hours at a given week, simply because the Plaintiff is an Attorney. This undermines the intent of Congress when it passed the FLSA into Law. Essentially, the Defendant is deliberately manipulating the law.

4. Defendant in item 9 of Defendant's undisputed material fact failed to state whether Plaintiff was compensated at least $455 a week for every week worked by the Plaintiff while employed by the Defendant. The Defendant's Exhibit 8 of his Motion to Dismiss (Doc 7) which was converted into a Motion for Summary Judgment shows that Plaintiff was not paid at least $455 for the week of June 2, 20f14 to June 7, 2014. Specifically, Plaintiff was paid $324.18 for the week of June 2, 2014 to June 7, 2014.

5. Defendant failed to provide a basis for classifying the Plaintiff as a non-exempt employee instead of an exempt employee and is in turn claiming "Professional exemption" as the basis for not paying Plaintiff overtime pay.

**Statements of additional facts which are material and present a genuine issue for trial.**

The Plaintiff offers the following additional facts in support of her response in opposition to the Defendants' Motion for Summary Judgment.

1. Plaintiff was employed as an associate Attorney by Defendant, The Callins Law Firm from December 2008- June 2014. Defendant, The Callins Law firm is a law firm engaged in the practice of law and therefore subject to the Fair Labor Standards Act under 29 U.S.C. §203(b)&(d).

2. Plaintiff stated in her complaint that she was an Associate Attorney with The Callins Law Firm from December 2008-June 2014. The issue of whether the Plaintiff was an employee employed in a professional capacity and licensed to practice law in Georgia, Tennessee and New York has never been in dispute. There has never been any dispute as to the duties that Plaintiff performed at The Callins Law Firm.

3. Defendant deliberately classified Plaintiff as a non-exempt employee instead of an exempt employee even though Plaintiff was employed as an Attorney.

4. Plaintiff did not have a "guaranteed minimum" amount of money she could count on receiving for any work week in which she performed "any" work because she was paid by the number of hours that she worked on the job for each week.

5. Defendant's Exhibit 8 of his Motion to Dismiss (Doc 7) which was converted into a Motion for Summary Judgment shows the Plaintiff was not paid at least $455 for the week of June 2, 2014 to June 7, 2014. Specifically, Plaintiff was paid $324.18 in the week of June 2, 2014 to June 7, 2014.

6. Defendant in his Motion to Dismiss (Doc 7) which was converted into a Motion for Summary Judgment states, "Plaintiff was paid $50,420.85 in 2011, 51,821.91 in 2012 and $45,376.83 in 2013". A mere look at these figures shows the Plaintiff was not guaranteed a minimum amount of pay every week.

7. Plaintiff was paid on an hourly basis rather than on a salary basis. Plaintiff punched in and out and her pay was determined by the number of hours that she worked not by a salary for work done.

8. By Defendant's own admission as stated in its Motion to Dismiss (Doc 7) which was converted into a Motion for Summary Judgment states "Plaintiff self-reported her hours worked via an online time clock service subscribed to by the firm and used by all firms' employees including attorneys, known as clockspot. From August 17, 2011 to August 2014, Plaintiff Okonkwo Self-reported working 4,926.62 hours, of which 107.50 or 2.2 % represented overtime hours".

9. Throughout Plaintiff's employment with the Defendant, the Defendant did not compensate Plaintiff on a salary basis. Exhibits 8 and 9 of Defendant's Motion to Dismiss (Doc 7) which was converted into a Motion for Summary Judgment supports this assertion. Plaintiff' compensation was based on the hours worked not on the job she did.

10. Plaintiff's pay has been reduced on several occasions if there was no work to be performed and for partial absences.

11. Plaintiff is entitled to unpaid overtime hours" since The Callins Law Firm did not pay the Plaintiff as required to meet the salary level, salary basis and duties tests set forth in the Part 541 regulations of FLSA Section 13(a)(1).

12. Mr. Joel Callins who is the Managing Attorney for The Callins Law Firm compensated himself on a salary basis not on the number of hours that he worked. This shows that the Defendant's decision to pay the Plaintiff on the number of hours that she worked was willful, manipulative, and exploitative.

13. The Defendant's act is willful. As Plaintiff stated in her complaint, on one occasion, Plaintiff approached Mr. Callins and informed him verbally of her misclassification as non-exempt and she stated to Mr. Callins that she should be paid on salary basis and not hourly since she is an Attorney with an advanced degree in Law. Mr. Callins did not do anything about rectifying this issue.

14. Up to the date of filing this lawsuit by the Plaintiff, the Defendant (The Callins Law Firm) did not pay overtime compensation even to employees not purportedly covered under the Administrative, Professional, or Executive exemption under the FLSA. No support staff who have ever worked for The Callins Law Firm up to the date of the filing of this lawsuit were compensated at the time and half rate for every week the employee worked for more than forty hours.

15. Defendant, The Callins Law Firm compensated some support staff who were meant to report to the Plaintiff an hourly rate higher than the Plaintiff who is a professional with an advanced Law degree. This was a tactic to exploit and manipulate the Plaintiff and in turn seek redress under a blanket status of "Professional Exemption".

16. Plaintiff on several occasions had informed Mr. Callins that it was unconscionable to pay support staff more than an Attorney to whom the support staff report. Mr. Callins did not do anything about resolving this matter. Instead, Mr. Callins told Plaintiff that she should be lucky that she has a job and should not argue with him because he pays the Plaintiff and that he and plaintiff did not have a "*parallel relationship*".

17. The pattern of manipulating and exploiting the Plaintiff of earnings is further illustrated by the fact the Defendant did not pay a Christmas bonus to

Plaintiff in December 2013.  Defendant paid at least one support staff, a Christmas bonus in December 2013 even though Plaintiff was the only Associate Attorney employed by the firm in December 2013.

18. Defendant continued to increase the salary of support staff without increasing the salary of the Attorney including support staff who joined the firm four years after the Plaintiff, and in turn seeks redress under the professional exemption, which shows a willful pattern of improperly compensating the Plaintiff.

19. Defendant paid at least one support staff more per file bonus than the Plaintiff who was the only Associate attorney for the firm. In essence, Defendant utilized the professional license of the Plaintiff and paid support staff a per-file bonus more than the associate attorney, and thereafter sought to manipulate the law regarding professional exemption to also favor his at-will interpretation of the law.

**Argument:**

Summary Judgment Standard Rule 56(c) of the Federal Rules of Civil Procedure authorizes a court to enter summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the burden of demonstrating that no dispute as to any material fact exists. Adickes v. S.H. Kress & Co., 398 U.S. 144, 156 (1970); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996). The moving party's burden is discharged merely by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support [an essential element of] the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. Johnson, 74 F.3d at 1090. Once the moving party has adequately supported its motion, the nonmovant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In deciding a motion for summary judgment, it is not the court's function to decide issues of material fact but to decide only whether there is such an issue to be tried. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). The applicable substantive law will identify those facts that are material. Id., 477 U.S. at 247.

Genuine disputes are those by which the evidence is such that a reasonable jury could return a verdict for the nonmovant. In order for factual issues to be "genuine" they must have a real basis in the record. Matsushita, 475 U.S. at 586.

An issue is "material" if the dispute may affect the outcome of the suit under the governing law and is "genuine" if a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The evidence presented must be viewed in the light most favorable to the nonmoving party. See American Flint Glass Workers Union, AFL-CIO v. Beaumont Glass Co., 62 F.3d 574, 578 (3d Cir. 1995).

The present issue is material because the dispute may affect the outcome of the case under the governing law. It is also genuine because a reasonable jury would return a verdict for the plaintiff. The complaint filed by Plaintiff alleges, in substance, that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, in that she was entitled to receive, but was not paid overtime pay at one and one half times her straight rate for each hour worked over forty hours per week. The Defendant has moved for a Motion for Summary Judgment based on Federal Rule of Civil Procedure 56. The Defendant's Motion for Summary Judgment is

based on the FLSA exemption relieving employers from paying overtime compensation to employees employed in a bonafide professional capacity, which the Defendant incorrectly interpreted.

Defendant argued at length about the unremarkable point that Plaintiff was an Associate Attorney and as such was exempted from the professional exemption. Defendant has stated in its motion that since Plaintiff is a licensed Attorney, the Plaintiff need not been paid on a salary basis. Defendant has failed to prove to this court that Plaintiff was paid at least $455 a week for every week worked during Plaintiff's employment with the Defendant.

Basically, Defendant has stated to this honorable Court, that he can deliberately classify the Plaintiff as a non-exempt employee instead of an exempt employee, compensate support staff who report to the Plaintiff at a rate higher than what he pays the Plaintiff (like in the present case), not pay Plaintiff a guaranteed minimum amount every week, and not pay Plaintiff overtime compensation for hours worked in excess of 40 hours because Plaintiff is an Attorney. This undermines the intent of Congress when establishing FLSA and the exemptions under FLSA. Defendant is manipulating the law to favor his at-will interpretation of the law.

Defendant (The Callins Law Firm) is subject to the FLSA. The FLSA requires that once an employer is subject to the act, it should classify employees as exempt and non-exempt. In the instant case, Defendant deliberately failed to classify Plaintiff as exempt employee, and instead Defendant is claiming professional exemption as its basis for not paying Plaintiff overtime pay even though Defendant did not classify Plaintiff as exempt.

The Defendant's understanding of the law is incorrect because it should be noted that the FLSA exemptions apply only to "white-collar" employees who meet the salary and duties tests set forth in the Part 541 regulations of FLSA Section 13(a)(1). Generally, employees must meet two requirements to be classified as exempt: (1) They must be paid on a salary basis and (2) they must be employed in a professional capacity. The Defendant has failed to prove that Plaintiff was paid on a salary basis. Defendant stated in his motion that "Plaintiff need not be paid on a salary basis", which is a misunderstanding of the law.

Plaintiff Okonkwo is an Attorney who was not paid on a salary basis and was not paid at least $455 a week for every week worked during Plaintiff's employment with the Defendant but otherwise performed the job duties of a "professional employee" and must be paid overtime compensation.

The FLSA professional employee exemption is codified at 29 U.S.C. § 213(a)(1) and Labor Department regulations implementing the exemption provides "an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction" (29 C.F.R. § 541.301 (a)).

To be exempt an employee must (a) be paid at least $23,600 per year ($455 per week), and (b) be paid on a salary basis, and (c) perform exempt job duties. These requirements are outlined in the FLSA Regulations (promulgated by the U.S. Department of Labor). Employees must meet all three "tests" to be exempt. Defendant has chosen to ignore the fact that being paid on a salary basis is the quid pro quo of exempt employees. In essence, exempt employees are not paid overtime for working more than 40 hours a week; in exchange, their employer must provide a guaranteed salary, which cannot be reduced when they work fewer than 40 hours. This reflects the understanding that exempt employees have the discretion to manage their time and are not answerable for hours worked or the number of tasks performed. Rather, they are paid for the general value of the services they provide. In addition, you may not deduct pay for time when work is not available if salaried workers are ready, willing, and able to work, yet the Defendant by his own admission paid the Plaintiff based upon hours shown as worked on a time clock.

In effect, based upon Defendant's argument the Plaintiff was considered a robot of the Defendant that was to be manipulated, so that when it became convenient then Defendant would decide that professional exemption should apply.

There is a genuine issue for trial. Plaintiff's worked more than 40 hours per week and was not paid one and a half times her regular rate of pay for hours worked in excess of 40 per week and was not paid on a salary basis and was not paid at least $455 per week for every week worked. This complaint states a claim under the FLSA and is material and genuine.

Because the FLSA is a remedial statute, overtime "exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." Arnold, 361 U.S. at 392; Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010).

An employee who meets the salary level tests and job duties test is exempt from overtime pay only if he/she is paid on salary basis. Defendant in his motion has failed to prove that it satisfied the salary basis test and the salary level test. The

Defendant's claim in his motion that Plaintiff is a professional and thus exempted under the professional exemption of the Fair Labor Standard is erroneous based upon the law and the documents that Defendant has filed with this Court. Plaintiff was not paid a guaranteed minimum amount every week. Plaintiff's pay was determined by the actual amount of hours worked by Plaintiff. The Plaintiff punched in and out. Defendant's Exhibits 8 and 9 of his motion supports these facts. Plaintiff was not paid at least $455 a week for the week of June 2 2014 to June 7, 2014.

Some "rules of thumb" indicating that an employee is paid on a salary basis include whether an employee's base pay is computed from an annual figure divided by the number of paydays in a year, or whether an employee's actual pay is lower in work periods when he/she works fewer than the normal number of hours. Whether an employee is paid on a salary basis is not affected by whether pay is expressed in hourly terms, but whether the employee has a guaranteed minimum amount of pay he/she can count on, regardless of the number of hours the employee works in a particular pay period. The base pay of a salaried employee may not be reduced if he/she performs less work than normal. A salaried employee's base pay may not be reduced if there is no work to be performed.

Likewise, a salaried employee's base pay may not be reduced for partial day absences.

Defendants' Exhibit 8 of his Motion to Dismiss shows that Defendant paid Plaintiff on the hours worked and not on the job done. Plaintiff is an Attorney who holds an advanced academic degree in Law, and she is licensed in her profession and should actually practice her profession, and should not have been required by Defendant to clock in and out in order to be paid for the hours that she worked.

The Defendant's actions as shown above entails a high risk of harm to the Plaintiff that was known by the Defendant. The Defendant's action was a scheme to manipulate and exploit the Plaintiff with the scheme of providing as an excuse when challenged in court by alleging the professional employee exemption status.

All overtime hours "must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed." 29 C.F.R. § 778.107. The regular rate is the "hourly rate actually paid the employee for the normal, non overtime workweek for which he is employed." 29 C.F.R. § 778.108 (emphasis added).

There exist genuine issues necessary for a factual foundation to sustain a FLSA claim. Defendant admitted in his Motion to Dismiss (Doc 7) that Plaintiff worked at least 107.50 hours of overtime from August 17, 2011 to August 17, 2014. The Defendant by his own admission establishes that there exist a genuine issue for trial. Defendant's Exhibits 8 and 9 of the Motion to Dismiss (Doc 7) shows the Plaintiff was not paid on a salary basis but on the number of hours worked. Defendant stated in its motion that Defendant need not pay Plaintiff a salary for the Plaintiff to be exempt. Such a conclusion contradicts FLSA, and undermines the remedial nature of the FLSA which dictates that the FLSA's exemptions be "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." In re: Novartis Wage & Hour Litig., 611 F.3d at 150 (2d Cir, N.Y. 2010).

In this case, the Defendant have failed to show that Plaintiff Okonkwo was paid on a salary basis and was paid at least $455 a week for every week worked while employed by The Callins Law Firm. Further, the Defendant have not proven the basis for the Summary Judgment. Defendant deliberately classified Plaintiff as a non-exempt employee instead of an exempt employee and in turn claims "professional exemption" as a basis for failing to pay overtime pay even though

Defendant never classified plaintiff as exempt. Therefore, the Defendants' motion for summary judgment on the FLSA should be denied.

## CONCLUSION

In the present matter, there is no evidence that Defendant was in compliance with the FLSA by not paying Plaintiff who was employed as an Attorney overtime pay at a time and half since Defendant chose to compensate Plaintiff on an hourly basis rather than on a salary basis. In Defendant's motion for Summary Judgment, and Defendants response to  Plaintiff's  request for Admission, Interrogatories and production of documents, Defendants have not demonstrated reasonable grounds to justify paying the Plaintiff on an hourly basis rather than on a salary basis and for not compensating  Plaintiff for overtime pay at a time and half.

Defendant has not demonstrated reasonable grounds to justify classifying Plaintiff as a non-exempt employee instead of an exempt employee and in turn claims "professional exemption" as a basis for failing to pay overtime pay even though defendant never classified plaintiff as exempt. Accordingly, Defendants' Motion for Summary judgment should be denied

Defendant's Motion for Summary Judgment on the FLSA claim should be denied because there are genuine issues for trial. A reasonable jury would return a verdict in favor of the Plaintiff.

For the foregoing reasons, the Plaintiff prays that this Court deny the Defendants' Motion for Summary Judgment and for such other and further relief as this Court deems just and proper.

This 22nd day of July 2015.

By signing below, Counsel certifies that the foregoing brief was prepared in Times New Roman 14-Point font in compliance with Local Rule 5.1C.

Respectfully submitted,

s/Antonia N. Okonkwo, Esq.
Antonia N. Okonkwo
Georgia Bar No. 513967
anokonkwo@resilientlawllc.com

The Resilient Law Firm, LLC.
11555 Medlock Bridge Road
Suite 100
Johns Creek, Georgia 30097
Telephone: 404-563-3471
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**ANTONIA N.OKONKWO,**    )
      )
    **Plaintiff,**    )
      )    **CIVIL ACTION NO.  1-14-cv-2263**
**v.**    )
      )
**THE CALLINS LAW FIRM, LLC.** )
      )
    **Defendant.**    )
      )
_____  )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2015, I electronically filed the foregoing

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** with the Clerk

of the Court using the CM/ECF system, which will automatically send e-mail

notification of such filing to the following attorneys of record:

        The Callins Law Firm, LLC.
        C/o Joel Callins
        Managing Partner
        101 Marietta Street, Suite 1030
        Atlanta, Georgia 30303
        Telephone: 404-681-5826
        Facsimile: 1-866-299-4388
        Email: jcallins@callins.com

Respectfully submitted,

s/Antonia N. Okonkwo, Esq.
Antonia N. Okonkwo
Georgia Bar No. 513967
anokonkwo@resilientlawllc.com


The Resilient Law Firm, LLC.
11555 Medlock Bridge Road
Suite 100
Johns Creek, Georgia 30097
Telephone: 404-563-3471
*Counsel for Plaintiff*