# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| ANTONIA N. OKONKWO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:14-CV-02263-ELR |
| | * | |
| THE CALLINS LAW FIRM, LLC, | * | |
| | * | |
| Defendant. | * | |

_____

# O R D E R
_____

This action involves claims by an attorney against her former employer and is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 20), Plaintiff's Cross Motion for Summary Judgment (Doc. No. 23), and Plaintiff's Motion for Summary Judgment (Doc. No. 25). The Complaint sets forth multiple causes of action, but the Parties primarily dispute whether Plaintiff can succeed on her claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. For the reasons outlined below, the Court finds Defendant is entitled to summary judgment on Plaintiff's FLSA claim. Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, those claims are dismissed without prejudice.

# I.  BACKGROUND

## A.  Procedural History

Plaintiff, a lawyer and proceeding here *pro se*, filed the present suit on July 16, 2014, against her former employer, The Callins Law Firm, LLC, alleging violations of the FLSA and also asserting claims for breach of contract and falsification of certain employment records. Shortly thereafter, Defendant filed a Motion to Dismiss for Failure to State a Claim (Doc. No. 7) and a Motion to Take Judicial Notice (Doc. No. 8) of certain records. In large part, Defendant based its Motion to Dismiss on the argument that Plaintiff, as a "bona fide professional," is exempt from the FLSA's overtime requirements. See 29 U.S.C. § 213(a)(1). To support this argument, Defendant relied on: 1) records from the Georgia, Tennessee and New York bar associations; 2) an offer of employment letter; 3) IRS W-2 forms; 4) payroll records; and 5) a Georgia Department of Labor Claims Examiner's Determination. (Doc. No 8. Exs. 1–10.) Notably, Plaintiff challenged some of the information in these documents thereby depriving the Court of its ability to consider Defendant's evidence on a Rule 12(b)(6) motion to dismiss. Accordingly, the Court issued an order advising the Parties of its intent to convert Defendant's Motion to Dismiss to a summary judgment motion. (Doc. No. 13.) Additionally, the Court directed the Parties to conduct limited discovery, file supplemental briefs, and file statements of material facts ("SOMF"). The Parties

did not comply with any of the Court's directives. Given Defendant's failure to provide the Court with a SOMF in accordance with Local Rule 56.1, the Court denied Defendant's Motion for Summary Judgment with permission to refile. LR 56.1(B)(1), NDGa. ("A movant for summary judgment shall include with the motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried.").

Two weeks later, Defendant filed a renewed summary judgment motion with an attached SOMF. (Doc. No. 20.) Thereafter, Plaintiff filed a Response, but failed to file a separate document responding to Defendant's SOMF. (Doc. No. 147.) Instead, Plaintiff chose to address Defendant's SOMF in her brief. Pursuant to Local Rule 56.1(B)(2)(a), a respondent to a summary judgment motion is required to include the following documents with her responsive brief:

> a. A response to the movant's statement of undisputed facts.
>
> (1) This response shall contain individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts.
>
> (2) This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the [Local Rules].

> (3) The Court will deem the movant's citations supportive of its facts unless the respondent specifically informs the court to the contrary in the response . . . .
>
> b. A statement of additional facts which the respondent contends are material and present a genuine issue for trial. Such a separate statement of material facts must meet the requirements set out in [the Local Rules].

Here, Plaintiff failed to comply with the Local Rules on several points. First, as discussed above, Plaintiff addressed Defendant's SOMF in her brief rather than filing a separate responsive document. Even setting this issue aside, however, Plaintiff also failed to set forth "individually numbered, concise, nonargumentative responses *corresponding to each of the movant's numbered undisputed material facts*." LR 56.1(2)(a)(1), NDGa. (emphasis added). Specifically, Defendant's SOMF contains nine numbered paragraphs, and Plaintiff's response only contains five. (Compare Def.'s SOMF ¶¶ 1–5, Doc. No. 20-1, with Pl.'s Resp. to Def.'s Mot. for Summ. J. at 6–7, Doc. No. 22.) Finally, Plaintiff's responses are not supported by specific citations to evidence, do not state valid objections to the admissibility of Defendant's facts, and do not demonstrate that Defendant's facts or citations to the record are in any way deficient. See LR 56.1(2)(a)(2). Accordingly, the Court deems each of Defendant's facts as admitted. Id.

Finally, the Court notes that Plaintiff has filed her own Cross Motion for Summary Judgment (Doc. No. 23) and Motion for Summary Judgment (Doc. No. 25). In the former Motion, Plaintiff argues she is entitled to summary judgment on

4

her claim for overtime wages under the FLSA. In the latter Motion, Plaintiff asserts summary judgment is appropriate on her claims for: 1) unpaid vacation and back wages; 2) breach of contract for failure to pay bonuses; 3) breach of contract for failure to pay professional bar license dues and Continuing Legal Education fees; and 4) falsification of certain employment records. The Court is faced with several issues with respect to these Motions. First, Plaintiff has not provided the Court with "a separate, concise, numbered statement of the material facts to which [she] contends there is no genuine issue to be tried." LR 56.1(B)(1), NDGa. Instead, Plaintiff lists the material facts which she contends are undisputed within the briefs filed in support of her Motions. Further complicating matters, Defendant failed to respond to either Motion. LR 7.1(B), NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion."). Given this action involves claims by an attorney against a law firm, the Court is perplexed by the Parties' inability to follow basic procedural rules.

## B.  Factual Background

In December 2008, Defendant extended Plaintiff—an attorney licensed to practice in Georgia, Tennessee, and New York—an offer of employment which Plaintiff accepted. (Def.'s SOMF ¶¶ 1–2, 5.) For more than five years, Plaintiff worked for Defendant as an associate attorney with a particular emphasis on creditor's rights. (Id. ¶¶ 3–4.) While working for Defendant, Plaintiff received the

following amounts in wages, tips, and other compensation: 1) $47,420.85 during 2011; 2) $48,821.91 during 2012; and 3) $45,376.83 during 2013. (Id. ¶¶ 6–9.) The Parties agree that Defendant compensated Plaintiff based on an hourly wage and not a salary.

Plaintiff filed the present suit alleging Defendant failed to pay her overtime wages for weeks in which she worked more than forty hours.[1] (Compl. ¶¶ 15–23.) Plaintiff further contends Defendant failed to pay her bonus and vacation hours as stipulated in an employment contract. (Id. ¶¶ 24–30.) Finally, Plaintiff alleges Defendant filed documents with the Georgia Department of Labor which contained "false and malicious" statements. (Id. ¶ 38.)

## II.   SUMMARY JUDGMENT STANDARD

"The standard of review for cross-motions for summary judgment does not differ from the standard applied when one party files a motion, but simply requires a determination of whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." GEBAM, Inc. v. Inv. Realty Series I, LLC, 15 F. Supp. 3d 1311, 1315–16 (N.D. Ga. 2013) (citing Am. Bankers Ins. Grp. v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005)). In other words, "[c]ross-motions for summary judgment will not, in themselves, warrant the court in

---

[1] On several occasions, Plaintiff purports to make allegations on behalf of "herself and others similarly situated." (Compl. ¶¶ 4–5, 19, 22, 29, 40, 42.) Plaintiff has not, however, moved for certification of an FLSA class or made any argument as to why she is an appropriate class representative.

granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." United States v. Oakley, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co., 512 F.2d 1017, 1023 (5th Cir. 1975)).

A party is entitled to summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this context, "materiality" is determined by the applicable substantive law; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). Further, the Court must view the facts in the light most favorable to the party opposing the motion and must draw all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (citing U.S. v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993 (1962)).

The party requesting summary judgment bears the initial burden of showing the Court, by reference to the record, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). When the non-movant has the burden of proof at trial, the movant can support its motion by either: 1) showing the nonmoving party has no evidence to support an essential

element of its case; or 2) presenting "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." See Young v. City of Augusta, 59 F.3d 1160, 1170 (11th Cir. 1995) (citing Hammer v. Slater, 20 F.3d 1137, 1141 (11th Cir. 1970) (quoting U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991))). Notably, "it is never enough simply to state that the non-moving party cannot meet its burden at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). However, if the Court determines the movant has carried its initial burden, the non-movant must then "go beyond the pleadings" and demonstrate that there is indeed a genuine issue of material fact for trial. Celotex, 477 U.S. at 324.

Conversely, "[w]hen the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." Adams v. BSI Mgmt. Sys. Am., Inc., 523 F. App'x 658, 659–60 (11th Cir. 2013) (quoting Four Parcels of Real Prop., 941 F.2d at 1438) (omissions in original). "[I]f the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." Rich v. Sec'y, Fla. Dep't of

8

Corr., 716 F.3d 525, 530 (11th Cir. 2013) (quoting Four Parcels of Real Prop., 941 F.2d at 1438).

## III. DISCUSSION

**A. Federal FLSA Claim**

Plaintiff asserts a single federal claim based on Defendant's purported failure to pay overtime wages in violation of the FLSA.[2] Although the FLSA requires an employer to pay its employees one and one-half times the regular rate of pay for any hours worked in excess of forty in a week, 29 U.S.C. 207(a)(1), employees "employed in a bona fide . . . professional capacity" are specifically exempted from this requirement. 29 U.S.C. 213(a)(1). The FLSA does not itself explain what it means to be employed in a "bona fide professional capacity." Rather, Congress delegated authority to the Secretary of the Department of Labor ("DOL") to define the parameters of that phrase. Id. Accordingly, the DOL promulgated a rule defining the term "employee employed in a bona fide professional capacity" to mean any employee:

> 1) Compensated on a salary or fee basis at a rate not less than $455 per week . . . ; and
>
> 2) Whose primary duty is the performance of work i) [r]equiring knowledge of an advanced type in a field of science

---

[2] To the extent Plaintiff suggests Defendant violated the FLSA by failing to pay for vacation and bonus hours, such a claim fails. "[T]he FLSA does not require . . . vacation pay and does not provide payment or collection procedures for an employee's usually or promised wages in excess of those . . . required by the FLSA." Gwaltney v. Barbour, No. 1:15CV771, 2015 WL 5774799, at *1 (M.D.N.C. Sept. 30, 2015) (citation and internal quotation marks omitted).

>or learning customarily acquired by a prolonged course of specialized intellectual instruction; or ii) [r]equiring invention, imagination, originality, or talent in a recognized field of artistic of creative endeavor.

29 C.F.R. § 541.300(a). Significantly, these requirements do not apply to attorneys engaged in the practice of law. 29 C.F.R. § 541.304(d) ("The requirements of § 541.300 and subpart G (salary requirements) of this part do not apply to" attorneys engaged in the practice of law.). Instead, attorneys fall under 29 C.F.R. § 541.304, which provides:

>The term "employee employed in a bona fide professional capacity" . . . also shall mean [a]ny employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and is actually engaged in the practice thereof . . . .

29 C.F.R. § 541.304(a)(1). The Parties agree that Plaintiff was licensed to practice law in multiple states and, further, that she was actually engaged in the practice of law during her employment with Defendant. (Def.'s SOMF ¶¶ 4–5.; Pl.'s Cross Mot. for Summ. J. at 8.) Defendant accordingly argues summary judgment is appropriate because Plaintiff is exempt from the FLSA's overtime requirements.

Plaintiff appears to make three arguments in rebuttal: 1) Defendant did not pay her on a salary basis; 2) Defendant did not pay her at least $455 every week in which she worked; and 3) Defendant previously classified her as a non-exempt employee and only now contends she is exempt. Regarding the first two arguments, Plaintiff evidently relies on the professional exemption requirements

set forth in 29 C.F.R. § 541.300. But as previously stated, these requirements do not apply to attorneys engaged in the practice of law. 29 C.F.R. § 541.304(d) (emphasis added). Plaintiffs first two arguments are accordingly without merit.

In regard to her claim that Defendant previously classified her as non-exempt, Plaintiff does not cite any evidence in the record to support this assertion. In fact, Plaintiff references evidence which contradicts her claim. Specifically, in response to one of Plaintiff's interrogatories, Defendant expressly denied ever classifying Plaintiff as non-exempt. (Def.'s Resp. to Pl.'s Disc. at 10, Doc. No. 22-2.) Further, it appears Plaintiff's belief that Defendant previously classified her as non-exempt is based on the fact that she received hourly compensation rather than a salary. (See Pl.'s Resp. to Def.'s Mot. for Summ. J. at 10 ("Plaintiff approached [Defendant] and informed him verbally of her misclassification as non-exempt and she stated to [Defendant] that she should be paid on salary basis and not hourly since she is an Attorney with an advanced degree in Law.").) This belief is mistaken. Whether Defendant paid Plaintiff a salary is irrelevant to the determination of Plaintiff's status as an "employee employed in a bona fide professional capacity" under 29 C.F.R. § 541.304(a)(1). Oberc v. BP PLC, No. 4:13-CV-01382, 2013 WL 6007211, at *6 (S.D. Tex. Nov. 13, 2013) (noting that, because the requirements of 29 C.F.R. § 541.300 are inapplicable to attorneys, the plaintiff's "argument[] that he was not a salaried employee . . . [is] irrelevant").

It is undisputed that while working for Defendant Plaintiff: 1) held a valid license permitting her to practice law; and 2) was actually engaged in the practice of law. 29 C.F.R. § 541.304(a)(1). Plaintiff was therefore exempt from the FLSA's overtime provisions and her claim for overtime wages must fail.[3] Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 20) on Plaintiff's FLSA claim and **DENIES** Plaintiff's corresponding Cross Motion for Summary Judgment (Doc. No. 23).

**B. State Law Claims**

The Court notes that its jurisdiction over this matter is based solely on the presence of a federal question because the Parties are not diverse. Having granted Defendant's summary judgment motion as to Plaintiff's only federal claim, the Court now must consider whether to address the remaining claims brought under state law.[4] As provided in 28 U.S.C. § 1367(c)(3), a "district court may decline to

---

[3] Citing a previous Order of this Court, Plaintiff contends Defendant cannot prevail on summary judgment without submitting evidence of its pay structure. (Order of Sept. 26, 2014 at 2–3, Doc. No. 13 ("Whether Plaintiff's *claims* are barred as Defendant argues or whether Plaintiff is entitled to additional compensation as Plaintiff contends, depend on Plaintiff's pay structure and the actual compensation owed and paid.") (emphasis added).) In referencing Plaintiff's *claims*, however, the Court was undoubtedly referring to Plaintiff's claims in the collective, that is, both her federal and state law claims. While Defendant's pay structure may be relevant to Plaintiff's state law claims, the Court finds it may dispose of Plaintiff's FLSA claim without reference to such evidence.

[4] In Count II of the Complaint, Plaintiff asserts a state law claim for breach of contract. (Compl. ¶¶ 24–30.) In Count III, she seeks to recover for "falsification of records." (Id. ¶¶ 31–38.) Specifically, Plaintiff contends Defendant made false statements on employment records filed with the Georgia Department of Labor. (Id.) Neither the Complaint nor Plaintiff's briefs cite any authority from which such a cause of action might arise. Even assuming the existence of

exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." On this point, the Supreme Court has specifically instructed as follows:

> [A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving . . . state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614 (1988). Because the Court granted summary judgment as to Plaintiff's only federal claim, the outcome of this dispute depends exclusively on issues of state law. For that reason, the Court finds that judicial economy, fairness, and convenience favor dismissing Plaintiff's state law claims without prejudice. This result is desirable, especially considering the Court disposed of Plaintiff's federal claim before trial. See Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997). Plaintiff's Motion for Summary Judgment (Doc. No. 25) concerning her state law claims is therefore **DENIED AS MOOT**, and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

---

such a claim, however, it would certainly fall within the parameters of state law and would thus not provide the Court with a separate basis to exercise federal question jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 20); **DENIES** Plaintiff's corresponding Cross Motion for Summary Judgment (Doc. No. 23); declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and **DISMISSES** those claims **WITHOUT PREJUDICE**; and **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment (Doc. No. 25) concerning her state law claims. The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 14th day of December, 2015.

_____
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE