[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10192
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-02263-ELR


ANTONIA N. OKONKWO,

                                                              Plaintiff-Appellant,

versus

THE CALLINS LAW FIRM, LLC,

                                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 15, 2016)


Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Antonia Okonkwo, a licensed attorney appearing pro se, appeals the district court's grant of summary judgment in favor of her former employer, The Callins Law Firm, LLC. Briefly stated, Plaintiff seeks to recover overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"). No reversible error has been shown; we affirm.

We review de novo the district court's grant of summary judgment, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. Holloman v. Mail-Well Corp., 443 F.3d 832, 836-37 (11th Cir. 2006). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although we ordinarily construe liberally pro se pleadings, this rule does not apply when the pro se litigant is a licensed attorney. Olivares v. Martin, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

Broadly speaking, the FLSA provides that employees are entitled to receive overtime compensation for hours worked in excess of forty hours a week. 29 U.S.C. § 207(a)(1). But the Act exempts expressly from the FLSA's overtime compensation requirement employees who are "employed in a bona fide . . . professional capacity." See 29 U.S.C. § 213(a)(1).

Congress has delegated to the Department of Labor ("DOL") broad authority to "define and delimit" the scope of the FLSA's bona fide professional capacity exemption.  See id.; Auer v. Robbins, 117 S. Ct. 905, 909 (1997).  In pertinent part, the DOL has defined the term "employee employed in a bona fide professional capacity" to include "[a]ny employee who is the holder of a valid license or certificate permitting the practice of law . . . and is actually engaged in the practice thereof."  29 C.F.R. 541.304(a)(1).

The parties do not dispute that, at all times pertinent to this appeal, Plaintiff was both licensed to practice law and was in fact engaged in the practice of law as an associate attorney at Defendant's law firm.  Plaintiff falls clearly within the definition of an "employee employed in a bona fide professional capacity" and is, thus, exempt from the FLSA's overtime compensation requirements.  See id.

We reject Plaintiff's argument that, as a matter of policy, she should be deemed a non-exempt employee solely because she was paid an hourly wage instead of on a "salary basis," as required under 29 C.F.R. § 541.300(a)(1).  The DOL has provided expressly that the requirements of section 541.300 do not apply to licensed attorneys.  See 29 C.F.R. § 541.304(d).  Instead, licensed attorneys are exempt from the FLSA's overtime compensation requirements irrespective of their pay structure.  Because nothing evidences that the DOL's interpretation of the FLSA is "arbitrary, capricious, or manifestly contrary to the statute," we defer to

the DOL's interpretative regulation as controlling.  See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 104 S. Ct. 2778, 2781-82 (1984).

Defendant was entitled to judgment as a matter of law on Plaintiff's FLSA claim.  We affirm the district court's grant of summary judgment in favor of Defendant, and the district court's denial of Plaintiff's cross-motion for summary judgment.

Having concluded that Plaintiff was unentitled to relief on her only federal claim, the district court abused no discretion in declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  See 28 U.S.C. § 1367(c)(3); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) ("encourag[ing] district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial.").  In addition, because Defendant prevailed on its motion for summary judgment, the district court abused no discretion in awarding costs to Defendant.  See Fed. R. Civ. P. 54(d)(1); Manor Healthcare Corp., v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991) (recognizing that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party.").

AFFIRMED.

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 15, 2016

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-10192-AA
Case Style: Antonia Okonkwo v. Callins Law Firm, LLC
District Court Docket No: 1:14-cv-02263-ELR

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call David L. Thomas, AA at (404) 335-6169.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs